THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ANGELA FLETCHER** | * | **CIVIL ACTION NO. 3:07CV0847** |
| **Versus** | | |
| | * | **JUDGE JAMES** |
| **WENDELTA, INC., DENARD WILSON, And** | | |
| **DON SAPP** | * | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING ON MOTION TO REMAND[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand filed by Plaintiff, Angela Fletcher [doc. no.11] . For the reasons stated below, the undersigned finds that jurisdiction in this court is proper and that the removal was timely. Plaintiff's Motion to Remand is therefore **DENIED.**

### STATEMENT OF FACTS

Plaintiff filed suit against Defendants on April 9, 2007, in the Sixth Judicial District Court, Parish of Madison, State of Louisiana, seeking damages resulting from Defendants' allegedly discriminatory actions during Plaintiff's employment at Wendy's Tallulah restaurant.

Defendants were served on April 16, 2007, and on May 15, 2007, removed the case to this Court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). Plaintiff filed the instant

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

motion to remand arguing that removal was untimely based on the fact that she had filed a previous action in state court on June 9, 2006. That action had been dismissed by the state court for failure to serve within the delays allowed under Louisiana law.

## LAW AND ANALYSIS

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties; or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331, 1332.

The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *Manguno v. Prudential Property & Casualty Ins. Co. Inc.*, 276 F.3d 720, 723 (5th Cir. 2002). Any jurisdictional determination is based on the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Further, the removal statute should be strictly construed in favor of remand; therefore, any ambiguities are construed against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In the instant case, federal question jurisdiction clearly exists because Plaintiff asserted a Title VII claim arising under federal law in her petition. Defendants also properly removed the state law discrimination claims based on supplemental jurisdiction. 28 U.S.C. § 1367(a). Removal of state law claims may be exercised pursuant to 28 U.S.C. § 1367(a):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

>within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Three requirements must be met for supplemental jurisdiction to be proper: (1) the federal claim must have substance sufficient to confer subject matter jurisdiction on the court, (2) the state and federal claims must derive from a common nucleus of operative facts, and (3) the claims are such that they would all ordinarily be tried in one judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). All of these requirements are met in the instant case. As previously discussed, Plaintiff's Title VII claim is properly before this Court pursuant to 28 U.S.C. § 1331. Further, Plaintiff's claims of discrimination all arise from a common nucleus of operative facts: the alleged sexual harassment by Defendants and the terminations of her employment.

There is simply no basis for the plaintiff's argument that this court should abstain from exercising jurisdiction. In addition, Defendants clearly removed this case within thirty days of being served. Therefore, the removal was timely. Plaintiff's argument that Defendants were required to remove within thirty days of being served with the prior action is erroneous. *See, e.g., Jones v G.E. Capitol Corp.,* 277 F. Supp. 2d 651, 653 (S. D. Miss. 2003). Plaintiff's Motion to Remand is therefore **DENIED**.

**THUS DONE AND SIGNED** this 12th Day of July, 2007, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE