THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **ANGELA FLETCHER** | * | **CIVIL ACTION NO. 3:07CV0847** |
| **Versus** | | |
| | * | **JUDGE JAMES** |
| **WENDELTA, INC., DENARD WILSON, And** | | |
| **DON SAPP** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss filed by Defendants pursuant to F.R.C.P. Rule 12(b)(6), seeking dismissal of the claims filed by Plaintiff on the grounds of prescription [Document No. 8]. For reasons stated below, it is recommended that the motion be **GRANTED IN PART AND DENIED IN PART, and that the plaintiff's remaining claim be remanded to state court for further proceedings.**

## STATEMENT OF THE FACTS

Plaintiff originally filed an action in state court on June 9, 2006, seeking damages for employment discrimination and retaliation. She alleged sexual harassment during the course of her employment with Wendy's Tallulah restaurant and wrongful termination as a result of this action. Plaintiff's first termination occurred on January 23, 2004; she was rehired in May of 2005 and was terminated again on June 12, 2005.

Plaintiff filed an amended petition on October 31, 2006, asserting federal anti-discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq*. However, Defendants were not timely served, and Plaintiff's suit was involuntarily dismissed on

April 9, 2007. She filed the present petition on April 11, 2007, alleging the same causes of action as in her previously dismissed action. The newly-filed action was timely removed, and this motion followed.

## LAW AND ANALYSIS

In assessing a motion to dismiss under F.R.C.P. 12(b)(6), the Court must assume as true the well-pled factual allegations in the complaint, and construe them in the light most favorable to the plaintiff. *Taylor v. Books A Million*, 296 F.3d 376, 378 (5th Cir. 2002). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a motion to dismiss under Rule 12(b)(6). *Southern Christian Leadership Conference v. Supreme Court of Louisiana*, 252 F.3d 781, 786 (5th Cir. 2001).

Employment discrimination plaintiffs must exhaust all administrative remedies before pursuing claims in federal court. *Taylor*, 296 F.3d at 378-79. The plaintiff has exhausted administrative remedies after filing a timely charge with the EEOC and receiving a right-to-sue notice. *Dao v. Auchen Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). Filing a timely charge of discrimination with the EEOC is a precondition to filing a civil action in federal court. *Mayes v. Office Depot, Inc.*, 292 F.Supp.2d 878, 887-88 (W.D.La. 2003) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). The charge of discrimination must be filed with the EEOC within 180 days of the alleged discrimination. 42 U.S.C. 2000e-(5)(e)(1).

However, in deferral states the filing period is extended to 300 days from the date the unlawful practice occurred, if there is a state law discrimination claim. *Mayes*, 292 F.Supp.2d at 888; La. R.S. 23:303. Louisiana has been a deferral state since 1994 when the Louisiana Commission on Human Rights ("LCHR") state enforcement agency was funded and began

operating. Thus, any Title VII claim arising more than 300 days prior to the filing of the EEOC complaint is time barred. *Id.*

**2004 Title VII Claims**[1]

Plaintiff's first alleged acts of discrimination ended no later than January 23, 2004, when she was terminated from her employment. Plaintiff herself alleges that she dual-filed her complaint with the EEOC and the LCHR on November 15, 2005, well more than 300 days after January 23, 2004. Defendant claims that the complaint was filed on January 29, 2005, also more than 300 days after January 23, 2004. Neither side provided copies of the complaint or complaints, but no matter which date is correct, the EEOC complaint was untimely as to the 2004 claims. In addition, and as is more fully addressed below in connection with analysis of the 2005 Title VII claims, even if the EEOC complaint had been timely, suit in this matter was not filed until April of 2007 rendering all of the plaintiff's Title VII claims untimely. Therefore, **it is recommended that the defendants' motion be GRANTED as to the Plaintiff's 2004 Title VII claim and that it be DISMISSED with prejudice as untimely.**

**2005 Title VII Claims**

Plaintiff claims that her EEOC complaint also included her second claim of discrimination which ended no later than June 12, 2005. Defendant claims that the plaintiff never filed an EEOC complaint based on her 2005 employment, stating that the complaint was

---

[1]Plaintiff, without supporting authority, argues that the 2004 and 2005 incidents should be treated as a continuing tort for prescription purposes. Given the fact that plaintiff was actually terminated from her employment on January 23, 2004, any argument that discrimination somehow continued during the time period from January of 2004 until May of 2005, when the plaintiff was rehired, is utterly frivolous.

3

filed on January 29, 2005, before the plaintiff was even rehired. Plaintiff alleges that she dual-filed her complaint with the EEOC and the LCHR on November 15, 2005. Again, neither side provided copies of the complaint or complaints. However, given the undersigned's findings below, whether the EEOC complaint addressed the 2005 employment is not determinative, and the undersigned will assume for purposes of this report and recommendation that the complaint did address the 2005 employment and that the EEOC complaint was timely filed as to the 2005 claims.

After receipt of a right-to-sue notice from the EEOC, a plaintiff has ninety days to file a civil action. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982). For all intents and purposes, the ninety-day filing period acts as a statute of limitations. *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247, 1249 (5th Cir. 1985). Commencement of the ninety-day period begins to run on the day the EEOC notice is received by the plaintiff. *Id.*

Plaintiff failed to allege a date of receipt of the right-to-sue notice; therefore, the court will use a three day presumption of receipt in accordance with Rule 6(e) of the Federal Rules of Civil Procedure. The right-to-sue notice was mailed on August 4, 2006, so Plaintiff had ninety days from August 7, 2006, or until November 6, 2006, to file a civil action. Plaintiff's original petition was filed on June 9, 2006, prior to receiving her right to sue letter. The receipt of a right-to-sue letter from the EEOC is a jurisdictional prerequisite and courts have no jurisdiction over suits filed prior to receipt thereof. *Stewart v. City of Pontotoc, Miss.*, 461 F.Supp. 767 (N.D. Miss. 1978). Plaintiff did not allege any Title VII claims in the original petition, and even if she had, the June 9, 2006, filing would not have been sufficient to preserve the plaintiff's Title VII claims.

Plaintiff amended her original petition subsequent to receiving her right-to-sue notice and within the ninety-day period; however, her suit was dismissed on April 9, 2007, for failure to effect timely service of process.

The effect of a prior suit on plaintiff's federal claims is determined using federal law. Under federal law, it is well settled that because the plaintiff's prior suit was dismissed for failure to serve process, it did NOT toll the statute of limitations as to her Title VII claims. *See, e.g., Price v. Digital Equipment Corp.,* 846 F.2d 1026, 1027 (5th Cir. 1988) (earlier suit dismissed for failure to serve defendant did not toll the ninety-day period for a Title VII claim). Plaintiff filed the current petition on April 11, 2007, well beyond the November 6, 2006, deadline. **It is therefore recommended that Defendant's Motion to Dismiss regarding her 2005 Title VII claim be GRANTED**[2] **and that both her 2004 and 2005 Title VII claims be dismissed in their entirety as untimely.**

**2004 State Law Claims**

State law employment discrimination claims must be filed with the LCHR within 180 days of the alleged discrimination. *Mayes*, 292 F.Supp.2d at 887. However, this filing is not mandatory. *Harper v. Hospital Service Dist. No. 1 of Tangipahoa Parish*, 1998 WL 470503. A plaintiff may choose to bypass filing with the state agency and to proceed straight to court on her state court claims. La. R.S. 51:2257(H)(1). If the plaintiff bypasses the administrative proceedings, she must file suit within one year of the alleged discriminatory incident.

Filing a timely claim with the LCHR or EEOC effectively suspends this one-year period

---

[2] As was noted above, these facts also provide an additional ground for dismissal of the 2004 Title VII claims.

during the pendency of investigation; however, this suspension may not exceed six months. La. R.S. 223:303(D). In addition, if the filing with the LCHR is **not** timely, the state court suit must be filed within one year of the alleged discriminatory incident, or in this case no later than January 24, 2005. Even if Plaintiff's LCHR complaint was timely filed, she would have had to file suit no later than July 21, 2005. She did not file her state court petition until June 9, 2006, almost two and one-half years after her 2004 termination; therefore, Plaintiff's petition was untimely as to her 2004 claims. **It is therefore recommended that Defendant's Motion to Dismiss regarding Plaintiff's 2004 state law discrimination claim be GRANTED.**

**2005 State Law Claims**

As for her 2005 claim, Plaintiff alleges that she filed a charge of discrimination with the LCHR and EEOC well within the time limitations. Even if she did not, she filed her original petition less than one year after her 2005 termination. Although the original suit was dismissed for lack of service, under Louisiana law it DID serve to interrupt prescription as to her state law claims because Plaintiff "commenced action in a court of competent jurisdiction and venue" within the prescriptive period under state law. La. C.C. art. 3462; *Bordelon v Medical Center of Baton Rouge,* 871 So.2d 1075 (La. 2003). This interruption continued until the motion to dismiss for failure to serve was granted on April 9, 2007. Plaintiff's subsequent filing on April 11, 2007, was clearly timely. **It is therefore recommended that Defendant's Motion to Dismiss regarding Plaintiff's 2005 state law discrimination claim be DENIED.**

For the reasons stated above, it is recommended that Defendant's motion to dismiss be **GRANTED** as to Plaintiff's 2004 and 2005 federal claims, **GRANTED** as to Plaintiff's 2004 state law claims, and **DENIED** as to her 2005 state law claims**.**

Given the fact that the only timely claim in this matter arises under state law, **it is further recommended** that the court decline to exercise continued jurisdiction over the 2005 state law claim, and that it remand the remainder of this case to state court for further proceedings.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Monroe, Louisiana, this 12th Day of July, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE